UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN DADAILLE[1],

                       Plaintiff,

     v.                                                                 9:23-CV-1583
                                                                                  (GTS/ML)

COXSACKIE CORRECTIONAL FACILITY, et al.,[2]

                       Defendants.
_____

APPEARANCES:

STEVEN DADAILLE
Plaintiff, pro se
10-A-6076
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

I.    **INTRODUCTION**

       This action was commenced on or about November 30, 2023, in the United States

District Court for the Eastern District of New York ("Eastern District") by pro se plaintiff

Steven Dadaille ("plaintiff"). In the complaint, plaintiff asserts claims for the violation of his

constitutional rights arising out of his confinement in the custody of the Department of

---

[1] The Clerk of the Court is directed to amend the Docket Report to reflect the proper spelling of plaintiff's name.

[2] The Clerk of the Court is direct to amend the Docket Report to include defendants named in the list of parties but inadvertently omitted from the Eastern District Docket Report: Mr. Brandon King, "Securit(ies) Who Are In Charge of P.A. System on the Center and North Yard," and Mental Health Department.

1

Corrections and Community Supervision ("DOCCS") at Coxsackie Correctional Facility ("Coxsackie C.F."). *See generally* Compl. At the time plaintiff filed his complaint, he also applied to proceed in the action in forma pauperis ("IFP"). Dkt. No. 2 ("IFP Application").

On December 15, 2023, United States District Judge James R. Cho transferred this matter to this District because all of the facts giving rise to plaintiff's claims occurred in a county located in this District. Dkt. No. 4. The Eastern District did not analyze the sufficiency of the claims or the IFP Application, leaving that review for this Court. *See id.*

On December 18, 2023, this Court issued an Order Directing Administrative Closure With Opportunity to Comply With Filing Fee Requirements. Dkt. No. 6. Plaintiff's IFP application was denied as incomplete. *Id*. Plaintiff was directed to, within 30 days of the filing date of this Order, (1) either pay the $405.00 filing fee in full, or (2) submit a completed and signed IFP application and a completed and signed inmate authorization form. *Id.*

On February 2, 2024, plaintiff, who is presently confined at Coxsackie C.F., paid the full statutory filing fee.

## II.   SUFFICIENCY OF THE COMPLAINT

### A. Standard of Review

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is

2

immune from such relief."³ 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

³ To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

The Court will construe the allegations in the complaint with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

### B. Summary of the Complaint[4]

The following facts are set forth as alleged by plaintiff in his complaint.

In December 2022, defendant ORC Brandon King ("King") began to harass and threaten plaintiff. Compl. at 4. King's harassment involved asking plaintiff to perform sexual acts, directing plaintiff "to kill himself," and threats to "murder" plaintiff's mother. *Id*. at 4-5. King and "other staff" used the outdoor public announcement system to "ask[] everyone in the population to murder [plaintiff]." *Id*. Plaintiff repeatedly asked King to cease "conspiration to commit murder" but King responded with racial slurs and sexually explicit language. *Id*. at 13.

On December 12, 2022, King told another inmate in the "RRU/SHU" to "hurt plaintiff badly or even murder him and plaintiff's mother[.]" Compl. at 4. King also "exposed" plaintiff's "private information to other officers" and inmates. *Id*. at 13.

Plaintiff wrote to Sergeant Cambridge ("Cambridge"), Sergeant Lewis ("Lewis"), Captain Frazier ("Frazier"), and Deputy Superintendent Mrs. Yon ("Yon"), and Senior ORC

---

[4] The complaint includes exhibits. *See* Compl. at 12-40. To the extent that the exhibits are relevant to the incidents described in the complaint, the Court will consider the complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

Mrs. Devlin ("Devlin") and complained about King's threats.[5]  Compl. at 14.  In February 2023, plaintiff met with Cambridge to discuss King's threats.  *Id*. at 12.  Plaintiff asked to be transferred to another facility or placed in protective custody.  *Id*.  Cambridge said he would "see what he can do" but plaintiff "never heard from Sgt. Cambridge[.]"  *Id*.

In September 2023, plaintiff filed a grievance claiming that "staff is using the P.A. speaker system to threaten him throughout the housing units and recreation yard.  Compl. at 32.  Plaintiff also complained that he was placed on a suicide watch for five days after he complained to a sergeant and OMH regarding the threatening behavior.  *Id.*  The grievance was denied.  *Id.*

Construed liberally[6], the complaint contains the following: (1) Eighth Amendment claims related to threats and verbal harassment; (2) invasion of privacy claims; and (3) First Amendment retaliation claims.  *See generally* Compl.  Plaintiff seeks monetary damages and injunctive relief.  *See id* at 5*.*  For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

**C.  Nature of Action**

Plaintiff seeks relief pursuant Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws'

---

[5]  Cambridge, Lewis, Frazier, Yon, and Devlin are not named as defendants herein.

[6]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

### III.   ANALYSIS

Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").

In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability."). "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' " *Id*. (quoting *Iqbal*, 556 U.S. at 676).

    **A.  Preliminary Matters**

        **1.  Eleventh Amendment**

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit.  *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).  It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint.  *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).  Actions for damages against a state official in his or her official capacity are essentially actions against the state.  *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Accordingly, the Eleventh Amendment bars plaintiff's Section 1983 claims for money damages against Coxsackie C.F. and defendants, in their official capacity.  *See Simmons v. Gowanda Corr. Facility*, No. 13-CV-0647, 2013 WL 3340646, at *2 (W.D.N.Y. July 1, 2013) ("the New York State Department of Corrections and [the named correctional facility] enjoy the same Eleventh Amendment immunity from suit in federal court as enjoyed by the state

itself") (quoting *Posr. v. Court Officer Shield No. 207*, 180 F.3d 409, 411 (2d Cir. 1999)); *see also Lore v. City of Syracuse,* 670 F.3d 127, 164 (2d Cir. 2012).[7]

### 2. Claims Against "Mental Health Department" and "Security(ies) Who Are in Charge of P.A. System on the Center and North Yard"

Plaintiff identifies "Mental Health Department" and "Security(ies) Who Are in Charge of P.A. System on the Center and North Yard" as defendants in the list of parties. However, plaintiff cannot sue "Mental Health Department" and "Security(ies) Who Are in Charge of P.A. System on the Center and North Yard" collectively under Section 1983. *See Ferguson v. Morgan*, No. 90-CV-6318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (holding that "Otisville Correctional Facility Medical Staff" was not suable as a group under Section 1983) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 105 (1989)). Therefore, the claims against these entities are dismissed without prejudice. The Court will permit plaintiff to amend his complaint to identify individual members or employees of the Mental Health Department or individuals responsible for the public address system in the yard whom he alleges violated his constitutional rights. *See Martin v. UConn Health Care*, No. 99-CV-2158, 2000 WL 303262, at *1 (D. Conn. Feb. 9, 2000) (affording the plaintiff leave to file an amended complaint to identify at least one provider who had been deliberately indifferent to his medical needs); *see also Soto v. Brooklyn Corr. Fac*., 80 F.3d 34 (2d Cir. 1996) (permitting a plaintiff to file amended complaint where an inmate named only correctional

---

[7] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

facility and was not aware of the requirement that he name individuals).

### 3. Rule 10

Throughout the complaint, plaintiff refers to various individuals who are not identified in the caption, or list of parties, as defendants. Rule 10(a) of the Federal Rules of Civil Procedure provides that, "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). A party not named in the caption of the complaint is not a party to the action. *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (holding that the failure to name the individual defendants against whom the plaintiff intends to assert claims makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims").

Accordingly, plaintiff's allegations against any individual who is not named or identified in the complaint or caption, as John Doe or otherwise, are dismissed for failure to state a claim. *See Whitley v. Krinser*, No. 06-CV-0575, 2007 WL 2375814, at *1 (W.D.N.Y. Aug. 15, 2007); *Robles v. Armstrong*, No. 3:03-CV-1634, 2006 WL 752857, at *1 n.1 (D. Conn. Mar. 17, 2006) ("Because the John and Jane Does are not listed in the caption of the Complaint, they are not defendants and the court does not consider claims against them.").

## B. Eighth Amendment

### 1. Harassment

Verbal harassment and name calling, absent physical injury, are not constitutional violations cognizable under Section 1983. *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (per curiam); *Aziz Zarif Shabazz* v. Pico, 994 F.Supp. 460, 474 (S.D.N.Y. 1998) ("verbal harassment or profanity alone, unaccompanied by any injury no matter how

9

inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983") (quotation omitted); *Rosales v. Kikendall*, 677 F.Supp.2d 643, 648 (W.D.N.Y. 2010) ("In this Circuit, allegations of verbal harassment or threats are generally an insufficient basis for an inmate's § 1983 claim."); *see also Gill v. Hoadley*, 261 F.Supp.2d 113, 129 (N.D.N.Y. 2003) ("42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse.") (citation omitted); *Ruffino v. Murphy*, No. 09-CV-1287, 2010 WL 1444562 at *4 (D. Conn. Apr. 12, 2010) ("[D]istrict courts within the Second Circuit have held that allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under section 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner."). "[T]he use of racial slurs or epithets reflecting racial prejudice, although reprehensible, does not form the basis of a claim pursuant to § 1983." *Baskerville v. Goord*, No. 97 Civ. 6413, 1998 WL 778396, at *7 (S.D.N.Y. Nov. 5, 1998) (citation omitted).

      Here, plaintiff claims that King harassed and verbally abused him. *See generally* Compl. However, plaintiff does not allege that he suffered any injury as a result of the alleged harassment. *Best v. City of New York*, No. 11-CV-4475, 2012 WL 5458054, at *7 (S.D.N.Y. Nov. 8, 2012) ("Fear of assault, by itself, does not constitute a sufficiently serious injury to state a claim for failure to protect"); *Williams v. United States*, No. 07-CV-3018, 2010 WL 963474, at *16 (S.D.N.Y. Feb. 25, 2010) (concluding that allegation that corrections official threatened to "teach [plaintiff] a lesson," which was "not followed by any [alleged] physical acts," was "insufficient to state a constitutional violation"), *report and recommendation adopted by* 2010 WL 963465 (S.D.N.Y. Mar. 16, 2010). Thus, as presently

plead, the claims do not rise to the level of a constitutional violation.

### 2. Inciting Violence

Allegations that a correctional officer made statements intending to incite others to attack an inmate may state a claim under the Eighth Amendment. *See Phillips v. Cortland Cty. Sheriff's Dep't*, No. 5:13-CV-00955 (LEK/TWD), 2013 WL 5464908, at *4 (N.D.N.Y. Sept. 30, 2013) (citing *Young v. Coughlin*, No. 93 CIV. 0262, 1998 WL 32518, at * 7 (S.D.N.Y. Jan. 29, 1998)) (holding that correctional officers "sexually suggestive" comments to the plaintiff in the presence of large number of other inmates may state an Eighth Amendment claim if they incited other inmates to assault the plaintiff).

Here, plaintiff alleges that King violated his Eighth Amendment rights because he attempted to incite unidentified inmates to assault plaintiff. *See generally* Compl. However, plaintiff's vague and ambiguous allegations fail to allege how and when King "directed" unidentified inmates to attack plaintiff. Moreover, plaintiff does not allege that he was actually attacked as a result of King's alleged statements.

Accordingly, plaintiff's Eighth Amendment claims against King are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C.  Privacy Claims

"The Fourteenth Amendment's Due Process Clause protects an inmate from the unwanted disclosure of information pertaining to an inmate's health." *Davidson v. Desai*, 817 F.Supp.2d 166, 191 (W.D.N.Y. 2011) (citing *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994)). However, "the interest in the privacy of medical information will vary with the

condition." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999).  "Confidential medical conditions are those that are 'excruciatingly private and intimate [in] nature' such as those 'likely to provoke . . . an intense desire to preserve one's medical confidentiality.' " *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 64 (2d Cir. 2011) (alterations in original) (quoting *Powell,* 175 F.3d at 111).  When an inmate does have a confidentiality interest in a condition, "[p]rison officials can impinge on that right only to the extent that their actions are 'reasonably related to legitimate penological interests.' " *Powell*, 175 F.3d at 112.  "[T]he gratuitous disclosure of an inmate's confidential medical information as humor or gossip . . . is not reasonably related to a legitimate penological interest." *Id*.

Here, plaintiff claims King "exposed" his "private health information" but does not provide any further facts related to the information and fails to allege what medical condition, if any, this information related to.   Without more, plaintiff cannot state a Fourteenth Amendment claim for disclosure of personal information.  *See e.g., Davidson*, 817 F.Supp.2d at 192 (dismissing a Fourteenth Amendment claim for disclosure of medical information where the plaintiff had "not specified which of his medical conditions . . . was so 'unusual' that the disclosure . . . arose to a Fourteenth Amendment violation").  As a result, plaintiff's invasion of privacy claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b).

### D. Retaliation

To state a claim of retaliation under the First Amendment, a plaintiff must allege facts plausibly suggesting the following: (1) the speech or conduct at issue was "protected;" (2) the defendants took "adverse action" against the plaintiff – namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional

rights; and (3) there was a causal connection between the protected speech and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the defendant's decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004). The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act." *Dawes*, 239 F.3d at 491, *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

The filing of a grievance is constitutionally protected conduct. *Johnson v. Eggersdorf*, 8 Fed. App'x 140, 144 (2d Cir. 2001); *Graham v. R.J. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). The Second Circuit has defined "adverse action" as "retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.' " *Gill*, 389 F.3d at 381 (citation omitted) (omission in original). This objective test applies even if the plaintiff was not himself subjectively deterred from exercising his rights. *Id.; see also Ford v. Palmer,* 539 Fed. App'x 5, 7 (2d Cir. 2013) ("The Court must apply the "objective test [for First Amendment retaliation] [. . .] even where a particular plaintiff was not himself subjectively deterred; that is, where he continued to file grievances and lawsuits.")*.* Conduct that is de minimis does not give rise to actionable retaliation. *Dawes*, 239 F.3d at 493. What is de minimis varies according to context. *Id.* "Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average

citizens, before a [retaliatory] action taken against them is considered adverse." *Id.* at 491 (*quoting Thaddeus-X v. Blatter,* 175 F.3d 378, 386-87 (6th Cir. 1999) (en banc) (per curiam)). If a retaliatory act against an inmate would not be likely to "chill a person of ordinary firmness from continuing to engage" in a protected activity, "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Id.* at 493.

A plaintiff can establish a causal connection that suggests retaliatory intent by showing that his protected activity was close in time to the complained-of adverse action. *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2001) (citations omitted). While there is no "bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship," *Gorman-Bakos v. Cornell Coop. Extn. of Schenectady Cty.*, 252 F.3d 545, 554 (2d Cir. 2001), "the interval between a protected activity and an adverse action that results in a finding of retaliation is generally no more than several months." *Ashok v. Barnhart*, 289 F.Supp.2d 305, 314 (E.D.N.Y. 2003).

Plaintiff's retaliation claims are dismissed for failure to state a claim. Even assuming plaintiff engaged in protected conduct, he has not identify an adverse action taken by King, the only remaining named defendant. Moreover, he has not plead facts suggesting that King was aware of plaintiff's protected speech. Indeed, the complaint lacks facts suggesting that King was personally involved in any retaliatory activity.

Accordingly, plaintiff's First Amendment retaliation claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### E. Leave to Amend

In light of his pro se status, the Court will afford plaintiff the opportunity to file an amended complaint if he desires to proceed with this action. Any such amended complaint, which shall supersede and replace in its entirety the previous complaint filed by plaintiff, must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. Thus, if plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court shall amend the Docket Report pursuant to this Decision and Order;

**ORDERED** that, if plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above **within thirty (30) days** from the date of the filing of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that, if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order.  In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that "Security(ies) Who Are in Charge of P.A. System on the Center and North Yard" and "Mental Health Department" are **DISMISSED** as defendants herein; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: March 25, 2024

Glenn T. Suddaby
U.S. District Judge